UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

KENTRELL HARRELL                                    CIVIL ACTION

VERSUS                                              NO: 11-0989

N. BURL CAIN, WARDEN                                SECTION: R

**ORDER**

Kentrell Harrell filed this *pro se* and *in forma pauperis* petition for a writ of *habeas* corpus pursuant to 28 U.S.C. § 2254. Having reviewed *de novo* the petition, the record, the applicable law, the Magistrate Judge's Report and Recommendation, and petitioner's objections thereto, the Court approves the Report and adopts it as its opinion.

In his opposition to the Magistrate's Report, petitioner does not dispute the factual background or procedural history outlined in the Report.[1] Nor does petitioner dispute that he has presented a mixed petition consisting of one exhausted claim (claim one) and four unexhausted claims (claims two through five).[2] Instead, Harrell seeks to abandon two of the unexhausted claims (claims two and four), and requests this Court to stay the

---

[1]   R. Doc. 18.

[2]   *Id.*

petition until he exhausts claims three and five in state court.[3] *See Rhines v. Webber*, 544 U.S. 269 (2005). For the following reasons this Court adopts the Magistrate's conclusion that a stay is inappropriate because there is "not good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277. Accordingly, the petition must be dismissed without prejudice.

District courts have discretion to stay mixed petitions, however, "stay and abeyance should be available only in limited circumstances." *Rhines*, 544 U.S. at 277. Frequent use of the stay and abeyance procedure for federal *habeas* proceedings "has the potential to undermine [AEDPA's] twin purposes" of comity and finality. *Id.*; *Evans v. Cain*, 577 F.3d 620, 623 (5th Cir. 2009). A stay must be justified by good cause for petitioner's failure to exhaust state remedies. *Rhines*, 544 U.S. at 277. A stay is not justified if it will "only result in further delay," *Evans*, 577 F.3d at 623, or if "the unexhausted claims are plainly meritless." *Rhines*, 544 U.S. at 277. A stay may be justified, however, if the petitioner "run[s] the risk of forever losing [his] opportunity for any federal review of [his] unexhausted claims." *Rhines*, 544 U.S. at 269.

---

[3] *Id.*

The Court finds that this is not one of the limited circumstances warranting a stay under *Rhines*. Harrell did not present the merits of his claims to each level of state court before filing the instant petition.[4] Instead, after applying for review in the state district court, Harrell petitioned the Louisiana Fourth Circuit for a writ of mandamus instructing the state district court to rule on his petition.[5] The Fourth Circuit denied the writ and also reviewed Harrell's claims *sua suponte*.[6] From there, Harrell sought a supervisory writ of review in the Louisiana Supreme Court only raising the issues of whether the Fourth Circuit "erroneously denied his writ of mandamus and exceeded its lawful jurisdiction in passing judgment upon the merits of the post-conviction application."[7] Harrell did not raise the merits of his claims in the Louisiana Supreme Court, and the Supreme Court denied the application without stated reasons.[8]

Harrell attributes his failure to raise the merits of each claim at each level of the state courts to his own lack of

---

[4]   R. Doc. 17.

[5]   *Id.*

[6]   *Id.*

[7]   *Id.*

[8]   R. Doc. 17.

knowledge and has therefore not shown good cause. *See Ellison v. Rogers*, 484 F.3d 658, 661 (3d Cir. 2007)(finding a stay inappropriate where petitioner was not prejudiced from seeking state collateral review but petitioner proceeded to federal court before exhaustion); *Lowery v. Cain*, No. 11-2710, 2012 WL 777482, at *5-6 (E.D. La. Feb. 16, 2012)(finding that failure to properly present claims to Louisiana Supreme Court is not good cause under *Rhines*), aff'd, 2012 WL 77461 (Mar. 5, 2012); *cf. Williams v. Cain*, No. 08-4442, 2009 WL 1026138, at *7 (E.D. La. Apr. 15, 2009)(finding a stay appropriate when review of the petition was delayed by Hurricane Katrina and failure to exhaust was "not due to any error or lack of diligence on petitioner's part").

Moreover, the state and the Magistrate's Report suggest that Harrell's remaining unexhausted claims are likely procedurally defaulted in the state courts.[9] Harrell did not object to this aspect of the Report.[10] If these claims are procedurally defaulted a stay would be ineffective and inappropriate. *Rhines*, 544 U.S. at 277; *Kinard v. Palakovich*, No. 05-2804, 2006 WL 3366168, at * 21 (E.D. Pa. Nov. 16, 2006) (finding a stay inappropriate where "proper exhaustion [is] impossible").

---

[9] R. Doc. 17.

[10] R. Doc. 18.

Importantly, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") period of limitations as provided in 28 U.S.C. § 2244(d)(1)(A) appears to have expired. Under that statute, a federal *habeas* petitioner has a period of 1-year from the date that the state judgment of conviction became final, here, June 26, 2008, to file a federal petition.[11] Petitioner's limitation period was tolled from August 15, 2008 until the Louisiana Supreme Court denied him relief on October 1, 2010.[12] 28 U.S.C. § 2244(d)(2). Because Harrell had expended 51 days of his 365 he had 314 days left, until August 11, 2011, to file his federal petition.[13] Harrell timely filed this federal petition on April 12, 2011, but may not rely on the pendency of his federal *habeas corpus* petition to toll the AEDPA limitations period. *Rhines*, 544 U.S. at 274-75 ("Although the limitations period is tolled during the pendency of a properly filed application for State post-conviction or other collateral review . . . the filing of a petition for habeas corpus in federal court does not toll the statute of limitations.")(citation omitted); *Manning v. Warden, Claiborne Parish Det. Ctr.*, No. 3:11-cv-0543, 2011 WL 4591870, at *7-9 (E.D. La. Aug. 5, 2011), *aff'd*, 2011 WL 4574839

---

[11]   R. Doc. 14.

[12]   R. Doc. 14.

[13]   R. Doc. 14.

(Sept. 30, 2012). Therefore, while petitioner might be able to return to the Louisiana courts in order to exhaust his claims (if they are not procedurally defaulted), his second petition for *habeas corpus* "may well be dismissed as time-barred" unless petitioner successfully argues the benefits of statutory or equitable tolling. *Manning*, 2011 WL 4591870, at *8.

Accordingly, Harrell's mixed petition will be dismissed without prejudice to allow him to pursue complete exhaustion unless he chooses to dismiss all of the unexhausted claims and proceed only on the exhausted claim. *See Rhines*, 544 U.S. at 278 ("[I]f a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief."); *Pliler v. Ford*, 542 U.S. 225, 230-23 (2004); *Doughty v. Louisiana*, No. 11-1279, 2012 WL 1100640, at *1 (E.D. La. Apr. 2, 2012).

New Orleans, Louisiana, this 21st day of September, 2012.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE