UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KENTRELL HARRELL                                CIVIL ACTION

VERSUS                                          NO: 11-989

N. BURL CAIN, WARDEN                            SECTION: R(4)

### ORDER AND REASONS

Before the Court is Kentrell Harrell's *pro se* petition for federal *habeas corpus* relief pursuant to Title 28, United States Code, Section 2254.[1] On September 21, 2012, the Court dismissed Harrell's petition without prejudice, on the ground that he had exhausted only one of his five claims in state court.[2] Harrell appealed but then filed a motion to abandon his four unexhausted claims and proceed only with his exhausted claim.[3] In light of his appeal then pending before the Fifth Circuit, the Court determined that it had no jurisdiction to grant the motion.[4] On April 22, 2013, the Fifth Circuit remanded, directing the Court to reopen the proceedings and rule on Harrell's exhausted claim.[5]

The Magistrate Judge has recommended that the exhausted claim, which challenges the sufficiency of the evidence at

---

[1] R. Doc. 3.

[2] R. Doc. 19.

[3] R. Docs. 22, 23.

[4] R. Doc. 25.

[5] R. Doc. 27.

Harrell's state court trial, be denied and dismissed with prejudice.[6] The Court, having reviewed *de novo* Harrell's petition, the record, the applicable law, the Magistrate's Report and Recommendation ("R&R"), and Harrell's objection to the R&R, approves the R&R and adopts it as its opinion.

In his objection to the R&R, Harrell reiterates his argument that the evidence was insufficient to support his second degree murder conviction.[7] The Court has reviewed the trial record and finds, in accordance with the R&R, that the evidence presented was sufficient to prove that Harrell shot the victim with the specific intent to kill her or cause great bodily harm. Essentially, Harrell urges the Court to weigh the evidence tending to exculpate him more strongly than the evidence tending to inculpate him. In reviewing the sufficiency of the evidence, however, the Court may not "substitute its view of the evidence for that of the fact-finder; instead, [it] should consider all of the evidence in the light most favorable to the prosecution." *Weeks v. Scott*, 55 F.3d 1059, 1062 (5th Cir. 1995). Viewed in the light most favorable to the prosecution, the Court concludes that the evidence was sufficient to support Harrell's conviction.

Harrell raises two specific objections to the Magistrate's

---

[6] R. Doc. 30.

[7] R. Doc. 31 at 4.

recitation of the facts.[8] First, he argues that Arieal Brewer, one of the state's key witnesses, did not see him standing over the victim's body and looking around in the seconds after the shooting. This assertion is not supported by the record. On direct examination, Brewer testified that she heard the gunshot, ran outside, saw the victim's body and ran to it, and about ten seconds later saw Harrell "standing around [the victim's] body . . . as if he were looking for something."[9]

Second, Harrell argues that the spent bullet casing found at the scene was a different brand from, though the same caliber as, bullets seized from Harrell's mother's home. The evidence presented at trial bears this out.[10] The objection has no merit, however, because the Magistrate does not state that the spent casing and the bullets later seized were of the same brand. Rather, she states that the spent casing matched only the caliber of the bullets,[11] an assertion Harrell implicitly concedes.[12] The Court finds that the evidence presented at trial, including

---

[8] *Id.* at 2.

[9] State Court Record, vol. 4, Trial Transcript at 107-08.

[10] *See* State Court Record, vol. 2, Minutes at 8 (state introduced evidence and property receipts at trial); State Court Record, vol. 3 at 306, 312 (evidence and property receipts indicate that the spent casing was a PMC 9mm round, while the bullets seized from Harrell's mother's home were UMC 9mm rounds).

[11] R. Doc. 30 at 15.

[12] R. Doc. 31 at 2.

evidence that the spent casing matched the caliber but not the brand of the bullets seized from Harrell's mother's home, was sufficient to support Harrell's conviction.

    Rule 11(a) of the Rules Governing Section 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)) (quotation marks removed).

    The Court concludes that Harrell's petition satisfies this standard. Specifically, the Court finds that reasonable jurists could debate whether Harrell's sufficiency of the evidence claim should be resolved in a different manner. Although there was testimony at trial placing Harrell beside the victim's body seconds after she was shot and providing Harrell with a motive for the shooting, there were no eyewitnesses to the shooting, no

witness saw Harrell with a gun, and Harrell's mother's boyfriend testified that Harrell was inside his mother's house, down the block from the shooting, at the time the shooting occurred. Further, in its opinion remanding the case back to this Court, the Fifth Circuit held that "reasonable jurists would . . . debate whether Harrell has stated a valid constitutional claim regarding the sufficiency of the evidence."[13] Accordingly, the Court will issue a certificate of appealability on the question of the sufficiency of the evidence to support Harrell's conviction.

For the foregoing reasons, the Court DENIES Harrell's petition for *habeas corpus* and GRANTS a certificate of appealability.

New Orleans, Louisiana, this __31st__ day of March, 2014.

_____
**SARAH S. VANCE
UNITED STATES DISTRICT JUDGE**

---

[13] R. Doc. 27-1 at 3.